DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-637-FDW
(3:11-cr-210-FDW-1)

| | |
|---|---|
| MAUREEN BARBARA MALLON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

**I. BACKGROUND**

On July 13, 2011, Petitioner Maureen Barbara Mallon was charged in a Bill of Information with one count of mail fraud, in violation of 18 U.S.C. § 1341. (Criminal Case No. 3:11-cr-210, Doc. No. 1 at 1: Bill of Information). The Bill of Information stated that from March 2004 to around June 2010, Petitioner engaged in a scheme to defraud her employer Michael P. Hair & Associates, Inc., an insurance company in Charlotte, North Carolina. (Id.). In total, Plaintiff embezzled $760,733.00 from her former employer. (Id., Doc. No. 11 at 5: Presentence Investigation Report). On August 2, 2011, pursuant to a written plea agreement, Petitioner pled guilty to the charge. (Id., Doc. No. 2: Plea Agreement). In the written plea agreement, Petitioner agreed to waive all claims except for those based on ineffective assistance of counsel and prosecutorial misconduct. (Id. at 5).

On February 12, 2013, this Court sentenced Petitioner to 41 months of imprisonment. (Id.,

1

Doc. No. 15: Judgment). The Court also ordered Petitioner to pay restitution of $737,733.00.[1]
(Id.). Petitioner did not appeal. Petitioner placed the motion to vacate in the prison system for mailing on October 29, 2013, and it was stamp-filed in this Court on November 19, 2013. Petitioner brings the following grounds for relief in the petition: (1) that her sentence of 41 months is "lengthy and greater than necessary to restore [Petitioner's] moral standing"; (2) that the correctional institution where she is serving her sentence is not appropriate for her and that consideration was not given to her "background, character, and conduct"; (3) she never agreed on her monthly restitution of $100 and she cannot afford those payments; and (4) at sentencing the Court did not address her medical issues and that she had a "chronic condition," and the prosecutor never proposed any alternatives to incarceration.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 2255 states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

---

[1] As of sentencing, Petitioner had repaid $23,000.00 of the total amount of $760,733.00 that she had embezzled from Michael P. Hair & Associates, Inc. See (Doc. No. 11 at 5).

> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255. Petitioner has neither alleged nor shown as to any of her claims that her sentence was imposed in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.[2] As to Petitioner's first ground for relief, in which Petitioner essentially contends that her sentence was not was proportional to her crime, particularly in light of the fact that she is a first-time offender, Petitioner is not entitled to relief as to this claim. According to the presentence investigation report ("PSR"), based on a total offense level of 22 and a criminal history category of I, the guidelines range for imprisonment was 41to 51 months of imprisonment. (Criminal Case No. 3:11cr210, Doc. No. 11 at 11: PSR). The Court sentenced Petitioner to the bottom of the guidelines range. Thus, Petitioner received a very favorable sentence. Petitioner's first ground for relief is without merit.

Next, as to Petitioner's second ground for relief, in which Petitioner complains about the Bureau of Prisoner's designation of the prison facility for her to serve her sentence, the Court notes that the authority to designate an inmate's place of incarceration rests solely with the

---

[2] Moreover, and in any event, aside from the fact that each of Petitioner's claims lacks merit, Petitioner waived in her written plea agreement the right to challenge her sentence based on all claims except for those based on ineffective assistance of counsel and prosecutorial misconduct. (Id., Doc. No. 2 at 5). None of Petitioner's claims here are based on ineffective assistance of counsel or prosecutorial misconduct. Thus, all of her claims are barred by the waiver provisions in her plea agreement.

Bureau of Prisons.[3]  See 18 U.S.C. § 3621(b).  Thus, this Court lacks the authority to order Petitioner to be transferred away from the prison where she is incarcerated.

Next, in support of her third ground for relief, Petitioner contends that she never agreed on the amount of restitution and that she cannot afford her payments of $100 per month.  She also contends that this Court's judgment did not order immediate payments, so the Government has begun taking out $225 from her social security income in addition to the $100.  (Doc. No. 17 at 7).  Courts to have addressed the issue have concluded that Section 2255 is not the proper vehicle for a prisoner to challenge the restitution portion of his sentence.  See United States v. Fabian, 798 F. Supp. 2d 647, 684 (D. Md. 2011) ("Although the Fourth Circuit has not addressed the question, it appears that nearly every other Court of Appeals that has considered the question has concluded that restitution orders cannot be attacked through a § 2255 petition . . . .").  To the extent that Petitioner seeks modification due to changed economic circumstances, the proper vehicle is a motion in her criminal case brought pursuant to 18 U.S.C. § 3664(k).  If Petitioner finds fault with the Bureau of Prison's execution of the Court's restitution order, she must bring such a challenge pursuant to 28 U.S.C. § 2241 in the district where she is incarcerated.  In sum, Petitioner may not challenge the restitution portion of her sentence here.

Finally, in support of her fourth ground for relief, Petitioner contends that the Court did not consider her health issues as a factor at sentencing and that the prosecutor did not argue for a sentence other than imprisonment.  The PSR noted, among other things, that Petitioner had three bulging discs and mild scoliosis of the upper lumber spine and that she was under the care of a neurologist in Charlotte, North Carolina; that Petitioner reported significant pain; that Petitioner had indicated that she would most likely have to have surgery for her condition.  (Criminal Case

---

[3]  Petitioner is incarcerated at Alderson Federal Prison Camp in Alderson, West Virginia.

No. 3:11cr210, Doc. No. 11 at 8). Petitioner alleges that there is no medical treatment at the facility where she is incarcerated and she is in a lot of pain. This contention is similar to that of Petitioner's ground one, in that Petitioner contends that her sentence was unfair, and she argues that she should have received a sentence of only house arrest, given her health issues.

To the extent that the prison where Plaintiff is incarcerated is not sufficiently treating Plaintiff for her medical conditions, this Section 2255 motion to vacate is not the appropriate vehicle to remedy that situation. To the extent that Petitioner is arguing that she should have received house arrest rather than a custodial punishment based on her medical condition, Petitioner is not entitled to relief under Section 2255. A petitioner must show an extraordinary physical impairment to warrant a downward departure to a non-custodial sentence based on medical conditions. See United States v. Altman, 48 F.3d 96, 104 (2d Cir. 1995) (suggesting that a defendant must be seriously infirm with a medical condition that cannot be adequately cared for by the Bureau of Prisons to warrant a downward departure for extraordinary physical impairment under U.S.S.G. § 5H1.4). Petitioner has simply not shown that she presented to the Court at sentencing evidence that she suffered from an extraordinary physical impairment that would have warranted a downward departure to a non-custodial sentence. In any event, a district court's failure to depart downward may be reviewed, even on direct appeal, only if the district court incorrectly believed that it could not exercise its discretion to depart. See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Here, Petitioner does not allege that the Court incorrectly believed that it had no discretion to depart downward based on Petitioner's physical condition. In sum, Petitioner's fourth ground for relief is without merit.

IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 petition is dismissed.

5

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is dismissed with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 22, 2014

Frank D. Whitney
Chief United States District Judge